(Hamilton County Common Pleas.)

MORRIS v. FROMLET.

*Vendors' liens—The principles upon which they attach in this case.*

---

WRIGHT, J.

A vendor's lien is purely a creation of equity. Some maintain that the underlying principle is that equity holds the grantee as a trustee for the vendor to the extent of the unpaid purchase money, while others urge that the doctrine arose ex necessitate in early jurisdiction, where land was not subject to levy and sale upon execution.

This latter reason would not support the doctrine in Ohio, because here lands as well as chattels may be taken and sold to satisfy a judgment. If the former reason is to sustain the rule, the intention of the parties, particularly of the vendor, would determine the existence of the lien. If he plainly intended to hold the grant only personally for balance due, and as plainly had no thought or purpose of looking to the land itself, in such case no lien would attach at the time of the transfer of title and possession, and not attaching then, could never afterward be attached by any change of intention upon the part of the vendor.

The Supreme Court of Ohio has said that the doctrine is "founded in abstract justice," thus leaving each case to be determined upon the "justice" or "equity" of it.

If the "equities" between vendors and grantees be alone considered, then in any case where there is a balance due the "equities" would seem to be with the vendor. Yet although he have the equities with him, they can not restore to him rights with which he has once parted; and if he has made over his land and waived his vendor's lien, it is clear enough that his equities could not be so strong as to re-establish the lien which had before been waived. So stands the case at bar, for I must, and do, find from the evidence that Morris never had any purpose or intention of looking to the land for balance due, but relied altogether and entirely upon the personal credit of Fromlet, and intended to get his balance from Fromlet, without the least thought of claiming or asserting a lien. I find that if

ever Morris had the right to a vendor's lien, he has waived it, and lost it.

However strong the equities of an individual may be, yet they can never be so strong as to move a court of equity of adopt a doctrine which is against the general good of the community, against public policy, and against the policy of the state as voiced by the legislative branch of the state government.

Land is here of such a remarkable nature, the title so freely and frequently passed from hand to hand, that the general convenience and security of the community would be seriously assailed, if one who had never held title or possession, whose name was unknown in the chain of title, and wholly absent from the public records, could assert and maintain a vendor's lien. Again, the policy of the state, in providing a system of registration and recording, is an admonition to the courts that the general good of the public demands that the doctrine of vendor's lien be not extended to the aid of those who are total strangers to the public records.

For these reasons it is considered that Morris has no vendor's lien against the land.

Joseph Cox, Jr., for the vendor; Archer & Osler, for the vendee; Charles J. Hunt, for the mortgage executed by the vendee.